```
             UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA
             CASE NO. 11-20660-CV-HOEVELER
```

ASSICURAZIONI GENERALLI S.P.A.,

    Plaintiff,

v.

XCC LOGISTICS, INC., et al.,

    Defendants.

_____

## ORDER DENYING MOTION TO DISMISS

BEFORE the Court is Martainer, Inc.'s motion to dismiss Counts VIII and X of the plaintiff's second amended complaint. The motion was filed April 15, 2011 [ECF No. 17]. The plaintiff responded April 26, 2011. Martainer did not reply. Briefing is closed and the Court is fully advised in the premises. For the reasons that follow, the motion to dismiss is denied.

### I.

This lawsuit is brought under the Court's maritime jurisdiction. The plaintiff, Assicurazioni Generali, is a Panamanian insurance company and the subrogee of its insured, Multitek Corporation. According to the complaint, Multitek contracted with a freight-forward company, XCC Logistics, for the delivery of about $160,000 worth of Multitek's electronics from its warehouse in Fort Lauderdale to Panama City (via Manzanillo, Panama).

XCC Logistics made arrangements with various transportation companies, one of which was Martainer, a Florida trucking service. Martainer agreed to pick up the electronics by truck at Multitek's warehouse, and drive the container of goods to Port Everglades. This segment of the shipment was relatively brief. Unfortunately, by the time the container reached Panama, most of the electronics were allegedly missing. It is unclear which of the defendants is legally responsible for the loss, if any of them.

## II.

In determining the merits of Martainer's motion to dismiss, the Court accepts all well-pled factual allegations in the complaint as true and follows the motion-to-dismiss standard required by Rule 12(b)(6) and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

## III.

In its motion to dismiss, Martainer contends that the plaintiff's claims in Count VIII (for negligence) and Count X (for breach of bailment) should be dismissed because they are subsumed and foreclosed by the plaintiff's claim in Count IX (for breach of contract). Martainer submits that Florida's economic loss rule prevents a plaintiff even from *pleading* both contract and tort claims for economic damages, when the claims arise out the same operative facts and the plaintiff does not allege an additional breach of duty other than the duty required by the contract.

2

Although the plaintiff's recovery will ultimately be governed by the economic loss rule, and the plaintiff will not be entitled to redundant damages, the Court is not satisfied that dismissal of Counts VIII and X is warranted at this time. For example, in Count VIII, the plaintiff alleged the necessary elements of negligence, including that Martainer breached its duty of care by allowing the loss to occur. Additionally, the plaintiff points out that Martainer was a subcontractor of XCC Logistics and, evidently, the plaintiff has not yet had the opportunity to review the subcontract. The Court has no information what duties the subcontract imposes, or whether Martainer is plausibly liable under the contract theory. On the present record, it is premature to deny the plaintiff's ability to assert the claims-in-the-alternative in Counts VIII, IX, and X. Accordingly, it is hereby:

**ORDERED AND ADJUDGED:** The defendant's motion to dismiss [ECF No. 17] is denied.

**DONE AND ORDERED** in Miami, Florida, June 10th, 2011.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE